# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL SHANE COBB )
) No. 17-246
)
v.

NANCY A. BERRYHILL


## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed applications for social security disability benefits and supplemental social security income. He claimed disability due to mental and physical impairments, including nerve damage in both arms, depression, and attention deficit hyperactivity disorder. His applications were denied initially, and upon video hearing by an administrative law judge ("ALJ"), by decision dated May 14, 2016. The Appeals Council denied his request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

**I.      STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

II.   THE PARTIES' MOTIONS

Plaintiff argues that the ALJ erred in affording the opinion of treating physician Dr. Grande little weight, and in assessing Plaintiff's credibility. He also avers that the ALJ's

residual functional capacity ("RFC") did not accommodate his moderate limitations in concentration, persistence, or pace.

The Court rejects Plaintiff's contentions. It is well-settled that credibility determinations are afforded great deference. See, e.g., Place v. Colvin, No. 15-4084, 2017 U.S. Dist. LEXIS 10227, at *42 (D.N.J. Jan. 25, 2017). A credibility finding must be based on the entire record, and the ALJ must explain his findings. Weidman v. Colvin, 164 F. Supp. 3d 650, 691 (M.D. Pa. 2015). Evidence that demonstrates contradictions or inconsistency may be used to discount credibility. Id. Here, the ALJ noted that on a function report, Plaintiff stated that he stays in the house watching television, goes nowhere and does nothing; he can no longer hunt, fish, play softball, or do physical activities. At a medical visit, Plaintiff said he was "moving furniture and fell with it down five steps," but later said his brother was actually moving the furniture. A physician noted possible narcotics-seeking. The record also reflects, for example, that Plaintiff painted a truck, went camping, walks through the woods while hunting, with a deer on a sling strapped to his shoulder, helped his grandfather rake leaves and pine needles, played baseball, rode a four-wheeler, and cleaned out his gutters with a spray hose. The ALJ found that "[a]ll of these activities and the claimant's effort at completing them is wholly inconsistent with the level of severity and limitation alleged regarding his medical conditions." Plaintiff appears to take issue with the ALJ's attention to these reports, as a "pattern of mischaracterization." Plaintiff suggests that the activities were more limited than the ALJ suggested, and were taken out of context. The ALJ, however, considered the entire record, including Plaintiff's explanations for certain inconsistencies and activities, and explained his conclusions. Under applicable standards, I find no error.

Plaintiff's credibility argument[p overlaps with his challenge to the ALJ's approach to the opinion of treating primary care physician Dr. Grande. Dr. Grande opined, inter alia, that Plaintiff could use his bilateral hands, fingers and arms less than 10 percent of an eight-hour workday. The weight given to a treating physician's opinion may depend on its consistency with the record as a whole. Parker v. Berryhill, No. 16-1047, 2017 U.S. Dist. LEXIS 52637, at *4 (W.D. Pa. Apr. 6, 2017). Inconsistency with activities of daily living properly factors into the analysis. Id. Here, the ALJ afforded Dr. Grande's opinion little weight, "particularly with respect to claimant's extremely limited ability to use his hands, fingers, and arms," because it was "totally inconsistent with the actual activity level of the claimant." The ALJ was entitled to conclude that the activities recited supra – Plaintiff's "actual activity level" – are inconsistent with an inability to use one's upper extremities ninety percent of the time. Again, this Court's review is limited, and I cannot reweigh the evidence. Accordingly, I am constrained to find that the ALJ's conclusion was supported by substantial evidence.

Finally, Plaintiff argues that the ALJ's RFC did not account for moderate limitations in concentration, persistence, and pace. A restriction to simple and repetitive instructions and tasks can account for moderate limitations in concentration, persistence, and pace. Eckstein v. Colvin, No. 13-1111, 2014 U.S. Dist. LEXIS 47992, at *54 (W.D. Pa. Apr. 8, 2014) (collecting cases). I find no error.

## CONCLUSION

In conclusion, under applicable deferential standards, the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

Dated: July 12, 2018  BY THE COURT:

_Donetta F. Ambrose_

Donetta W. Ambrose

Senior Judge, U.S. District Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL SHANE COBB )
) No. 17-246
)
v.

NANCY A. BERRYHILL

## ORDER

AND NOW, this 12th day of July, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED and Defendant's GRANTED.

BY THE COURT:

Donetta W. Ambrose

Senior Judge, U.S. District Court